UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE R. ANDERSON and HATTIE P. ANDERSON, ) ) ) Plaintiffs, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) | Case No. 4:09CV104 HEA |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint,[Doc No. 7].[1] Plaintiffs oppose the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiffs filed this action seeking to recover $49,260.52, plus interest, costs and attorneys' fees. On November 18, 2005, Defendant, through the Internal Revenue Service, (IRS), placed a levy on certain certificates of deposit (CDs) owned by Plaintiffs to recover unpaid federal taxes from a taxpayer named Gerald Anderson, whose name was on the CDs. Plaintiffs' First Amended Complaint

---

[1] Defendant's original Motion to Dismiss, [Doc. No. 5] is denied as having been superceded by the instant motion.

alleges that Gerald Anderson, Plaintiffs' son, is not the owner of the CDs, rather, his name was only added to the CDs for probate purposes.

On December 11, 2005, Plaintiffs and Gerald, wrote a letter to the IRS asking that the levy be removed. Thereafter, Plaintiffs filed this action on January 15, 2009 under the provisions of 26 U.S.C. § 7426(a)(1).

Defendant seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Defendant urges that the Court lacks jurisdiction because this action is time barred under Section 6532(c).

## **DISCUSSION**

Section 7426(a)(1) of Title 26 provides:

> **(1) Wrongful levy**.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C.A. § 7426(a)(1). This right to bring a civil action, however, is limited by Section 6532(c)(1), which provides that "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." 26 U.S.C. § 6532(c)(1). This limitation period may be extended to 12 months under the provisions of subsection 2:

> **(2) Period when claim is filed**.--If a request is made for the return of property described in section 6343(b), the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

26 U.S.C.A. § 6532(c)(2).

Defendant moves to dismiss for lack of subject matter jurisdiction because this suit was not commenced within 9 months from the date of the levy on the CDs. Even assuming Plaintiffs met the requirements of Section 6343(b), Defendants argue that the matter is still time barred because this action was not commenced within the 12 month period from sending their letters to the IRS asking that the levy be removed.

Plaintiffs do not appear to be challenging Defendant's argument that the limitations period is jurisdictional. Indeed, the Eighth Circuit has specifically found, with respect to a waiver of sovereign immunity, the limitation period for suits against the government is a term of the waiver.

> Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. See *United States v. Dalm*, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). This consent must be unequivocally expressed in statutory text, see *United States v. Nordic Village, Inc.*, 503 U.S. 30, 37, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992), and the scope of a sovereign immunity waiver is strictly construed in favor of the

> sovereign, see *id*. at 34, 112 S.Ct. at 1014-15. District courts lack subject-matter jurisdiction over claims against the Government to which Congress has not consented. See *Loudner v. United States*, 108 F.3d 896, 900 (8th Cir.1997). Because a statute of limitations is one of the terms of Congress's consent, a time-barred claim against the Government is an unconsented claim, over which a district court has no jurisdiction. See *id*. at 900 n. 1.

*Miller v. Tony and Susan Alamo Foundation,* 134 F.3d 910, 915-916 (8th Cir. 1998).

Notwithstanding the expiration of the limitations period for filing suit, Plaintiffs contend that the suit is not barred because they instituted a "proceeding" under the statute. According to Plaintiffs, the letters sent on December 11, 2005 fulfill the statutory limit. Under Plaintiffs' argument, because they sent the letters, they instituted a "proceeding" such that their claim is not barred by the nine month limitation period. Plaintiffs have cited no authority in support of this position. Moreover, this argument ignores the glaring fact that, even assuming some validity of argument, an assumption which strains the Court's sense of reason, under Plaintiffs' argument, their *suit* is time barred, even if their *"proceeding"* was not. Since the statute is written in the disjunctive, Plaintiffs do not explain how the submission of the letters as a "proceeding" would alleviate the need to institute their suit within the time limit as well, in light of the prohibition of suits *or* proceedings after the expiration of the nine months. Nothing in this section allows a party to merely institute a "proceeding" and allow a subsequent suit to be filed *ad infinitum*, based on their "proceeding."

Plaintiffs have likewise ignored the authority recognizing that a suit must be instituted within the stated period. See, for example, *EC Term of Years Trust v. U.S.* 550 U.S. 429, 431-432 (2007)("To protect against a "'wrongful'" imposition upon "property which is not the taxpayer's," S.Rep. No. 1708, 89th Cong., \*\*1766 2d Sess., 30 (1966), the Federal Tax Lien Act of 1966 added § 7426(a)(1), providing that '[i]f a levy has been made on property ... any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in ... such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court.' 80 Stat. 1143. The action must, however, be brought before "the expiration of 9 months from the date of the levy." § 6532(c)(1). This short limitations period contrasts with its counterpart in a tax refund action under 28 U.S.C. § 1346(a)(1), which begins with an administrative claim that may be filed within at least two years, and may be brought to court within another two after an administrative denial. The demand for greater haste when a third party contests a levy is no accident; as the Government explained in the hearings before passage of the Act, '[s]ince after seizure of property for nonpayment of taxes [an IRS] district director is likely to suspend further collection activities against the taxpayer, it is essential that he be advised promptly if he has seized property which does not belong to the taxpayer.' Hearings on H.R. 11256 and H.R. 11290 before the House Committee on Ways and Means,

89th Cong., 2d Sess., 57-58 (1966) (written statement of Stanley S. Surrey, Assistant Secretary of the Treasury.")); *Four Rivers Investments, Inc. v. U.S.* 77 Fed.Cl. 592, 595 (Fed.Cl.,2007)("The statute of limitations for this type of wrongful levy claim is provided by 26 U.S.C. § 6532(c) (2000). *Id.* at 1766; *Gordon v. United States*, 227 Ct.Cl. 328, 649 F.2d 837, 844 (1981) (holding that § 6532(c) "require[s] levy contests [in this court] to be brought within 9 months of [the] levy"). Barring a request by the third party for an administrative review of the levy, a circumstance not alleged here, the third party has nine months to contest an IRS levy on its assets. 26 U.S.C. § 6532(c)(1); *EC Term of Years Trust*, 127 S.Ct. at 1766 n. 1; *Gordon*, 649 F.2d at 844."); *Carter v. U.S.,* 110 Fed.Appx. 591, 594, 2004 WL 2203590, 1 (6th Cir. 2004)("The general rule is that a wrongful levy suit must be filed within nine months of the receipt of the notice of levy. Internal Revenue Code ("I.R.C.") § 6532(c)(1); *State Bank of Fraser v. United States*, 861 F.2d 954, 967 (6th Cir.1988); see also Treas. Reg. § 301.6331-1(c) (stating that "the date and time the notice is delivered to the person to be served is the date and time the levy is made" (emphasis added)). If a claimant files a request for the return of property within that nine-month period, then, pursuant to I.R.C. § 6343-which grants the IRS the authority to release a levy upon appropriate circumstances and thereby provides an administrative channel through which an individual may contest a levy-the period for filing a civil action in federal court is extended for the shorter

of either an additional twelve months from the date of filing a § 6343 administrative request or an additional six months from the date of mailing of the notice disallowing that request. I.R.C. § 6532(c)(2). The statute of limitations period is therefore never more than twenty-one months (nine months plus twelve months), although it may be less."); *Next Generation Wireless, Ltd. v. U.S.,* 2008 WL 4115516, (S.D.Ohio 2008)("Congress has provided for a waiver of sovereign immunity in cases where a third party asserts that the Government has wrongfully levied his/her property in order to satisfy someone else's tax liability. See 26 U.S.C. § 7426(a)(1). . .The Government's waiver of sovereign immunity is conditioned upon a nine-month statute of limitations, measured from the date the notice of levy was served. See 26 U.S.C. § 6532(c)(1); see also *State Bank of Fraser v. United States*, 861 F.2d 954, 967 (6th Cir.1988). Because compliance with the statute of limitations is a term of the Government's consent to be sued, noncompliance with the nine-month limitations period deprives a district court of subject matter jurisdiction over the claim. See, e.g., *Amwest Surety Ins. Co. v. United States*, 28 F.3d 690, 694 (7th Cir.1994). However, if the claimant submits a request for the return of the levied property, the limitations period will be extended by twelve months from the date of filing such request, or six months from the date of the Government's response denying the request, whichever is shorter. See 26 U.S.C. § 6532(c)(2).

## Conclusion

Plaintiffs failed to institute this action within 9 months from the date of the levy in question. Furthermore, even assuming Plaintiffs' letters constitute a valid request for the return of the property such that the statute of limitations would be extended an additional 12 months, the action is still barred because it was filed after the expiration of the 12 month period as well. As such, and for the reasons discussed herein, the Court lacks subject matter jurisdiction. The action must, therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Discovery, [Doc. No. 10], is denied as moot.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

Dated this 18th day of June, 2009

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE